Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
Thomas E. Wheeler (SBN 308789)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St. Suite 780,
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
twheeler@toddflaw.com
*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATALIE FLORES, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>DIAMOND PERFECTION INC. d/b/a AQUAFEEL SOLUTIONS, AQUA FINANCE INC., and DOES 1-10 Inclusive,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>(1)   Violation of California False Advertising Act (Cal. Business & Professions Code §§ 17500 *et seq.*),<br>(2)   Violation of Unfair Business Practices Act (Cal. Business & Professions Code §§ 17200 *et seq.*)<br><br>**Jury Trial Demanded** |

Plaintiff Natalie Flores ("Plaintiff"), individually and on behalf of all other members of the public similarly situated, alleges as follows:

## NATURE OF THE ACTION

1.     Plaintiff brings this class action Complaint against Defendants DIAMOND PERFECTION INC. d/b/a AQUAFEEL SOLUTIONS ("Aquafeel") and AQUA FINANCE INC. ("Aqua Finance," and with Aquafeel, "Defendants") to stop Defendant's practice of falsely advertising, selling, and financing water filtration systems ("the Class Goods") by misrepresenting the warranty of the systems, the nature of the systems, and the actual terms of the financing agreements, including that a lien would be placed on the purchasers property, and to obtain redress for a California class of consumers ("Class Members") who were misled, within the applicable statute of limitations period, by Defendant.

2.     Defendants advertised and represented to consumers that the Class Goods would self-detect problems, would have a fixed 5.9% interest rate, and would be subject to a warranty that would cover repairs should problems occur.

3.     Plaintiff and others similarly situated received these representations from Defendants' sales people in the process of purchasing the Class Goods.

4.     Defendant misrepresented and falsely advertised to Plaintiff and others similarly situated the features and costs of the Class Goods.

5.     Defendant's misrepresentations to Plaintiff and others similarly situated caused them to suffer harm by purchasing the Class Goods at a premium and receiving goods that had financing and usability terms that significantly differed from those represented.

6.     Defendants took advantage of Plaintiff and similarly situated consumers unfairly and unlawfully.

## JURISDICTION AND VENUE

7.     This class action is brought pursuant to Federal Rule of Civil

CLASS ACTION COMPLAINT

1   Procedure 23.

2       8.      This matter is properly venued in the United States District Court for

3   the Eastern District of California, in that Defendants do business in the Eastern

4   District of California. A substantial portion of the events giving rise to Defendants'

5   liability took place in this district.

6       9.      There is original federal subject matter jurisdiction over this matter

7   pursuant to the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (Feb.

8   18, 2005), by virtue of 28 U.S.C. §1332(d)(2), which explicitly provides for the

9   original jurisdiction of federal courts in any class action in which at least 100

10  members are in the proposed plaintiff class, any member of the plaintiff class is a

11  citizen of a State different from the State of citizenship of any defendant, and the

12  matter in controversy exceeds the sum of $5,000,000.00, exclusive of interests and

13  costs.

14      10.     In the case at bar, there are at least 100 members in the proposed

15  Class, the total claims of the proposed Class members are in excess of

16  $5,000,000.00 in the aggregate, exclusive of interests and costs, and Plaintiff seeks

17  to represent a nationwide class of consumers, establishing minimum diversity.

18                          **THE PARTIES**

19      11.     Plaintiff NATALIE FLORES is a citizen and resident of the State of

20  California, County of Kings.

21      12.     Defendant DIAMOND PERFECTION INC. d/b/a AQUAFEEL

22  SOLUTIONS is a corporation that does business in California, including in KIngs

23  County, that is incorporated in North Carolina and has its headquarters in North

24  Carolina.

25      13.     Defendant AQUA FINANCE INC. is a corporation that does business

26  in California, including in KIngs County, that is incorporated in Wisconsin and

27  has its headquarters in Wisconsin.

28

14.     Plaintiff is informed and believes, and thereon alleges, that at all time relevant, Defendants' sales of products and services are governed by the controlling law in the state in which they do business and from which the sales of products and services, and the allegedly unlawful acts occurred, which is California.

15.     Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or is attributable to, Defendants and/or its employees, agents, and/or third parties acting on its behalf, each acting as the agent for the other, with legal authority to act on the other's behalf.  The acts of any and all of Defendants' employees, agents, and/or third parties acting on its behalf, were in accordance with, and represent, the official policy of Defendants.

16.     Plaintiff is informed and believes, and thereon alleges, that said Defendants are in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions of each and all their employees, agents, and/or third parties acting on their behalf, in proximately causing the damages herein alleged.

17.     At all relevant times, Defendants ratified each and every act or omission complained of herein.  At all relevant times, Defendants, aided and abetted the acts and omissions as alleged herein.

## PLAINTIFF'S FACTS

18.     In or around November of 2016, Plaintiff was visited by a sales manager of Defendant AquaFeel in her home.

19.     The sales manager advertised the Class Goods to Plaintiff and encouraged her to purchase it.  In particular, the sales manager represented that the Class Goods featured a filter that self-detected all issues and would automatically alert technicians to come resolve any problems with it.

CLASS ACTION COMPLAINT

Additionally, the sales manager indicated that the Class Goods came with a warranty that would cover servicing of the product, would be at a flat 5.9% interest rate. The sales manager also failed to disclose that the Class Goods would be secured by a lien on Plaintiff's property as collateral.

20.   Defendant AquaFeel's sales manager was making representations concerning the Class Goods sold by Defendant AquaFeel and the financing on the product as sold by Defendant AquaFinance.

21.   Based on these representations and omissions, Plaintiff agreed to purchase the Class Goods from Defendants. After purchase, Plaintiff learned that Defendants' representations had been false. The system did not self-monitor and Defendants failed to fix it pursuant to the warranty. Additionally, the financing was 5.9% for only the first year, and 13.99% for each additional year. Finally, the Class Goods were secured by a lien on Plaintiff's house which had not been disclosed.

22.   Plaintiff was significantly upset by Defendants' misrepresentations which caused her significant harm as it has resulted in her incurring costs and obligations associated with the Class Goods that had been misrepresented.

23.   Plaintiff is obligated to pay in excess of $8,000 from her purchase of the Class Goods.

24.   Such sales tactics employed on Defendants rely on falsities and have a tendency to mislead and deceive a reasonable consumer.

25.   Plaintiff is informed, believes, and thereupon alleges that such representations were part of a common scheme to mislead consumers and incentivize them to purchase Class Goods from Defendants, despite not being as represented.

26.   Plaintiff reasonably believed and relied upon Defendants' representations.

CLASS ACTION COMPLAINT

27. Plaintiff materially changed her position by agreeing to and paying for the Class Goods based on Defendants' representations.

28. Plaintiff would not have purchased Class Goods from Defendants if she knew that the above-referenced statements made by Defendants were false.

29. Had Defendants properly marketed, advertised, and represented the financing and features of its Class Goods, Plaintiff would not have purchased the Class Goods from Defendants.

30. Defendants benefited from falsely advertising and representing the financing and features of its Class Goods. Defendants benefited on the loss to Plaintiff and provided nothing of benefit to Plaintiff in exchange.

## CLASS ACTION ALLEGATIONS

31. Plaintiff brings this action, on behalf of himself and all others similarly situated, and thus, seeks class certification under Federal Rule of Civil Procedure 23.

32. The class Plaintiff seeks to represent (the "Class") is defined as follows:

> All consumers in California, who, between the applicable statute of limitations and the present, purchased Class Goods from Defendants.

33. As used herein, the term "Class Members" shall mean and refer to the members of the Class described above.

34. Excluded from the Class are Defendants, its affiliates, employees, agents, and attorneys, and the Court.

35. Plaintiff reserves the right to amend the Class, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

36. Upon information and belief, the proposed class is composed of thousands of persons. The members of the class are so numerous that joinder of all members would be unfeasible and impractical.

37.   No violations alleged in this complaint are contingent on any individualized interaction of any kind between class members and Defendants.

38.   Rather, all claims in this matter arise from the identical, false, affirmative written statements that Defendant would sell services to the Class Members, when in fact, such representations were false.

39.   There are common questions of law and fact as to the Class Members that predominate over questions affecting only individual members, including but not limited to:

(a)   Whether Defendants engaged in unlawful, unfair, or deceptive business practices in making representations and selling its Class Goods to Plaintiff and other Class Members with no intention of providing them;

(b)   Whether Defendants made misrepresentations with respect to the features of the Class Goods;

(c)   Where Defendants made misrepresentations with respect to the financing of the Class Goods;

(d)   Whether Defendant profited from these representations;

(e)   Whether Defendant violated California Bus. & Prof. Code § 17200, *et seq*. and California Bus. & Prof. Code § 17500, *et seq*.;

(f)   Whether Plaintiff and Class Members are entitled to equitable and/or injunctive relief;

(g)   Whether Defendants' unlawful, unfair, and/or deceptive practices harmed Plaintiff and Class Members; and

(h)   The method of calculation and extent of damages for Plaintiff and Class Members.

40.   Plaintiff is a member of the class she seeks to represent

41.   The claims of Plaintiff are not only typical of all class members, they are identical.

42.   All claims of Plaintiff and the Class are based on the exact same legal theories.

43.   Plaintiff has no interest antagonistic to, or in conflict with, the Class.

44.   Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member, because Plaintiff was induced by Defendants' representations during the Class Period.  Defendants' unlawful, unfair and/or fraudulent actions concerns the same business practices described herein irrespective of where they occurred or were experienced.  Plaintiff's claims are typical of all Class Members as demonstrated herein.

45.   Plaintiff will thoroughly and adequately protect the interests of the class, having retained qualified and competent legal counsel to represent herself and the Class.

46.   Common questions will predominate, and there will be no unusual manageability issues.

## FIRST CAUSE OF ACTION

## Violation of the California False Advertising Act

## (Cal. Bus. & Prof. Code §§ 17500 *et seq.*)

47.   Plaintiff incorporates by reference each allegation set forth above.

48.   Pursuant to California Business and Professions Code section 17500, *et seq.*, it is unlawful to engage in advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading...or...to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

49.   California Business and Professions Code section 17500, *et seq.*'s prohibition against false advertising extends to the use of false or misleading written statements.

50.   Defendants misled consumers by making misrepresentations and untrue statements about the features of the Class Goods, namely, Defendant made consumers believe the Class Goods could self-diagnose and would be covered by a warranty by Defendants.  Additionally, Defendant made consumers believe that the Class Goods would be available at a flat financing rate that would not change and failed to disclose that the purchase was secured by a lien on the purchasers property.

51.   Defendants knew that their representations and omissions were untrue and misleading, and deliberately made the aforementioned representations and omissions in order to deceive reasonable consumers like Plaintiff and other Class Members.

52.   As a direct and proximate result of Defendants' misleading and false representations, Plaintiff and the other Class Members have suffered injury in fact. Plaintiff reasonably relied upon Defendants' representations regarding the features and financing of the Class Goods.  In reasonable reliance on Defendants' false advertisements, Plaintiff and other Class Members agreed to purchase Class Goods from Defendants, and received Class Goods that were materially different than what was represented.

53.   Plaintiff alleges that these false and misleading representations made by Defendants constitute a "scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

54.   Defendants advertised to Plaintiff and other putative class members, through oral representations and omissions made by Defendants and their

CLASS ACTION COMPLAINT

employees.

55.    Defendants knew that they would not provide Plaintiff and Class Members with the features and financing of the Class Goods as represented.

56.    Thus, Defendants knowingly lied to Plaintiff and other putative class members in order to induce them to purchase services from Defendants.

57.    The misleading and false advertising described herein presents a continuing threat to Plaintiff and the Class Members in that Defendants persist and continue to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.   Defendants' conduct will continue to cause irreparable injury to consumers unless enjoined or restrained.   Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendant to cease their false advertising, as well as disgorgement and restitution to Plaintiff and all Class Members of Defendants' revenues associated with their false advertising, or such portion of those revenues as the Court may find equitable.

## SECOND CAUSE OF ACTION

### Violation of Unfair Business Practices Act

### (Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

58.    Plaintiff incorporates by reference each allegation set forth above.

59.    Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL.  Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices.   A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial injury.  It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm.   Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as

1  ongoing misconduct.

2  **UNFAIR**

3  60.  California Business & Professions Code § 17200 prohibits any

4  "unfair ... business act or practice."  Defendants' acts, omissions,

5  misrepresentations, and practices as alleged herein also constitute "unfair"

6  business acts and practices within the meaning of the UCL in that its conduct is

7  substantially injurious to consumers, offends public policy, and is immoral,

8  unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs

9  any alleged benefits attributable to such conduct.  There were reasonably available

10  alternatives to further Defendants' legitimate business interests, other than the

11  conduct described herein.  Plaintiff reserves the right to allege further conduct

12  which constitutes other unfair business acts or practices.  Such conduct is ongoing

13  and continues to this date.

14  61.  In order to satisfy the "unfair" prong of the UCL, a consumer must

15  show that the injury: (1) is substantial; (2) is not outweighed by any countervailing

16  benefits to consumers or competition; and, (3) is not one that consumers

17  themselves could reasonably have avoided.

18  62.  Here, Defendants' conduct has caused and continues to cause

19  substantial injury to Plaintiff and members of the Class.  Plaintiff and members of

20  the Class have suffered injury in fact due to Defendants' decision to mislead

21  consumers.  Thus, Defendants' conduct has caused substantial injury to Plaintiff

22  and the members of the Class.

23  63.  Moreover, Defendants' conduct as alleged herein solely benefits

24  Defendants while providing no benefit of any kind to any consumer.  Such

25  deception utilized by Defendants convinced Plaintiff and members of the Class

26  that they would obtain Class Goods with the features and financing represented,

27  in order to induce them to purchase Class Goods from Defendants.  In fact,

28

CLASS ACTION COMPLAINT

Defendants knew that they had no intention of providing the advertised prices and thus unfairly profited.  Thus, the injury suffered by Plaintiff and the members of the Class are not outweighed by any countervailing benefits to consumers.

64.    Finally, the injury suffered by Plaintiff and members of the Class is not an injury that these consumers could reasonably have avoided.   After Defendants falsely represented the features and financing of the Class Goods, consumers changed their position by purchasing the Class Goods and having them installed with different and worse features and financing, thus causing them to suffer injury in fact.  Defendants failed to take reasonable steps to inform Plaintiff and Class members that the representations were false.  As such, Defendants took advantage of Defendants' position of perceived power in order to deceive Plaintiff and the Class.  Therefore, the injury suffered by Plaintiff and members of the Class is not an injury which these consumers could reasonably have avoided.

65.    Thus, Defendants' conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

## FRAUDULENT

66.    California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice."  In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

67.    The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived.  Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

68.    Here, not only were Plaintiff and the Class members likely to be deceived, but these consumers were actually deceived by Defendants.  Such deception is evidenced by the fact that Defendants did not provide Plaintiff with

Class Goods with the features and financing represented. Plaintiff's reliance upon Defendants' deceptive statements is reasonable due to the unequal bargaining powers of Defendants against Plaintiff. For the same reason, it is likely that Defendants' fraudulent business practice would deceive other members of the public.

69.   As explained above, Defendants deceived Plaintiff and other Class Members by misrepresenting the features and financing of the Class Goods.

70.   Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

### UNLAWFUL

71.   California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

72.   As explained above, Defendants deceived Plaintiff and other Class Members by falsely representing the features and financing of the Class Goods.

73.   Defendant used false advertising, marketing, and misrepresentations to induce Plaintiff and Class Members to call Defendants, in violation of California Business and Professions Code Section 17500, et seq. Had Defendant not falsely advertised, marketed or misrepresented the prices of its services, Plaintiff and Class Members would not have purchased Class Goods from Defendants. Defendants' conduct therefore caused and continues to cause economic harm to Plaintiff and Class Members.

74.   These representations by Defendant are therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 *et seq*.

75.   Defendants have thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and Class Members to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief.   Additionally,

pursuant to Business and Professions Code section 17203, Plaintiff and Class Members seek an order requiring Defendants to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendants to correct its actions.

## MISCELLANEOUS

76.     Plaintiff and Class Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or all such obligations or conditions are excused.

## REQUEST FOR JURY TRIAL

77.     Plaintiff requests a trial by jury as to all claims so triable.

## PRAYER FOR RELIEF

78.     Plaintiff, on behalf of herself and the Class, requests the following relief:

    (a)     An order certifying the Class and appointing Plaintiff as Representative of the Class;

    (b)     An order certifying the undersigned counsel as Class Counsel;

    (c)     An order requiring Defendant, at its own cost, to notify all Class Members of the unlawful and deceptive conduct herein;

    (d)     An order requiring Defendants to engage in corrective advertising regarding the conduct discussed above;

    (e)     Actual damages suffered by Plaintiff and Class Members from Defendants selling Class Goods under false pretenses;

    (f)     Punitive damages, as allowable, in an amount determined by the Court or jury;

    (g)     Any and all statutory enhanced damages;

    (h)     All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

1

        (i)      Pre- and post-judgment interest; and

2

        (j)      All other relief, general or special, legal and equitable, to which

3

                 Plaintiff and Class Members may be justly entitled as deemed

4

                 by the Court.

5

6

Dated:  September 25, 2018        Respectfully submitted,

7

                            LAW OFFICES OF TODD M. FRIEDMAN , PC

8

9

                        By: /s Todd. M. Friedman

10

                           TODD M. FRIEDMAN, ESQ.

11

                           Attorney for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT